IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRUCE KREMERS,<br><br>    Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, *a Delaware corporation*,<br><br>    Defendant. | CV 21-29-BLG-SPW-TJC<br><br>**ORDER** |

  The parties have filed a stipulation regarding a Rule 35 examination. (Doc. 23.) Good cause appearing, IT IS HEREBY ORDERED that the parties be bound by the following stipulated and agreed upon terms:

  1. The Plaintiff, Bruce Kremers, will be the examined party. Mr. Kremers resides in Forsyth, Montana. The lawsuit is filed in Federal District Court in the District of Montana in the Billings Division.

  2. The examiner shall be Dr. Joseph Erpelding, an orthopedic surgeon.

  3. The location of the examination shall be Billings Orthopedic and Sports Medicine, 2900 12th Avenue North, Suite 305 East, Billings, Montana 59101, and it shall proceed at 9:00 am on December 8, 2021.

  4. Dr. Erpelding will examine Plaintiff's orthopedic conditions associated with and related to his right knee and left shoulder.

5.      The parties do not anticipate the need for any additional Rule 35 examinations at this time.  If Defendant believes an additional examination is necessary in the future and Plaintiff does not agree to an additional examination, Defendant will file a motion for a Rule 35 examination.  Plaintiff reserves all objections to such a motion and may argue Defendant is only entitled to the examination agreed to in this Stipulation.

6.      No persons other than Plaintiff, Plaintiff's representative, the IME examiner and his professional staff will be allowed to be present during the examination.  All persons present, assisting the IME examiner, and/or participating in the IME examination in any manner must be identified by full name and title in the examining doctor's report.

7.      The examination will focus solely on the medical conditions which are in controversy in this action, and conditions that may have a direct bearing on the medical conditions which are in controversy, as specified above.

8.      The Rule 35 examinations will be limited to safe, medically-accepted tests or procedures, and no tests or procedures that are unnecessarily painful, protracted or intrusive will be allowed.

9.      Plaintiff will agree to provide a brief description of the incident, his injuries, and medical treatment received to date for those injuries.  The examining doctor will be allowed to ask Mr. Kremers questions that are in Dr. Erpelding's

opinion relevant to the conditions which are in controversy, necessary to conduct a thorough assessment, and within the scope of his specialty.

    10.    Mr. Kremers will not be billed for any portion of the examination. Additionally, if the examination has to be cancelled as a result of an emergency not allowing his presence, or as a result of COVID restrictions, or for any other unexpected reason out of Mr. Kremers' control, Mr. Kremers will not be charged a cancellation fee. In such an event, Mr. Kremers' counsel and Defendant's counsel shall work cooperatively to reschedule the examination.

    11.    No laboratory tests will be conducted as part of the examination.

    12.    No psychiatric testing will be conducted as part of the examination.

    13.    No new imaging (e.g., x-rays, MRIs, or ultrasound) will be conducted as part of the examination.

    14.    It is expected that Defendant or its counsel will provide the examining doctor with copies of documents deemed necessary for his review, including medical records, prior to the visit.

    15.    Plaintiff will not complete any patient information form, nor sign any consent, HIPAA or otherwise, nor sign any release of information form, as he is not a patient of the doctor performing the Rule 35 examination and is consenting to the examination only pursuant to the requirements of Rule 35.

16. Plaintiff will wear comfortable clothing to the Rule 35 examination and will be asked to remove articles of clothing during the evaluation only to provide for a visual examination of areas of his shoulder or knee that are not visible while clothed or as medically necessary for the examiner to complete his examination.

17. It is agreed that the total time for the examination is expected to be less than sixty (60) minutes.

18. If unforeseen problems or circumstances beyond the examining doctor's control require that he interrupt the examination, Plaintiff will be informed if this interruption will exceed 10 minutes.

19. There is no objection to Mr. Kremers or Dr. Erpelding audio recording the entire Rule 35 examination or any portion thereof.  A copy of any audio recording(s) will be produced to the opposing party no later than two weeks following the examination.

20. If the Rule 35 examination includes photographs or video imaging of the examination conducted of Plaintiff, Defendant agrees to furnish copies of any and all video images or photographs taken or obtained during the examination to Plaintiff's counsel no later than two weeks following the examination.

21. A written report shall be prepared by each examiner separately detailing:

    a.    The findings of the examiner;

    b.    The results of all measurements, calculations, and tests completed by or performed on Plaintiff during the examination;

    c.    Any measurements, calculations, or tests relied upon in arriving at the examiner's opinions;

    d.    Any diagnosis (if any) made by the examiner;

    e.    The findings upon which any such diagnosis is based;

    f.    The conclusions and opinions reached by the examiner that will be testified to at trial, and the basis for each such opinion;

    g.    Any additional information deemed pertinent by the examiner.

22.    Copies of the written report will be provided to Plaintiff's counsel not more than thirty (30) days after each such examination. In addition, the following items will be provided at the same time:

    a.    The examiner's curriculum vitae;

    b.    A list of all the cases in which the examiner has testified in the past five (5) years, either in deposition or at trial, and whether for the defense or plaintiff;

    c.    Each and every billing, accounting, or invoice for payment prepared or sent by the examiner or the broker or business for which the examiner conducted the examination) to the defense or any agent therefor or representative thereof, for any work associated with this case or the examination, including preparation for the examination or preparation of the report.

23.    The report and its contents, and the information provided with the report, shall be deemed confidential and utilized solely for purposes of this

litigation. However, nothing in this paragraph shall restrict the parties from using the examiners' report and testimony for purposes of this litigation, including use at trial, consistent with the Federal Rules of Evidence or as otherwise ordered by the Court.

24. Nothing in this stipulation is intended to impact the admissibility, or exclusion, of any or all of any examiner's report or testimony. Plaintiff and Defendant may make any legal arguments about (in)admissibility, or exclusion, as they deem fit in accordance with Court Rules.

25. Plaintiff shall have the right to depose the examining doctor following receipt of the report and other information. If the deposition of the examining doctor is taken, he shall not charge Plaintiff more (per hour or otherwise) than the examiner charges to Defendant on an hourly basis.

26. The examining doctor shall be provided with a copy of these terms by Defendant's counsel prior to the Rule 35 examination, and the parties agree that proceeding with the examination is an acknowledgement that the examining doctor has agreed to adhere to all conditions set forth in this Stipulation.

27. A failure to abide by the terms of this stipulation shall allow for the Plaintiff to stop the examination and not to further proceed with that examiner. The parties reserve the right to move the Court to compel, to limit, or to quash the examination, respectively.

litigation. However, nothing in this paragraph shall restrict the parties from using the examiners' report and testimony for purposes of this litigation, including use at trial, consistent with the Federal Rules of Evidence or as otherwise ordered by the Court.

24. Nothing in this stipulation is intended to impact the admissibility, or exclusion, of any or all of any examiner's report or testimony. Plaintiff and Defendant may make any legal arguments about (in)admissibility, or exclusion, as they deem fit in accordance with Court Rules.

25. Plaintiff shall have the right to depose the examining doctor following receipt of the report and other information. If the deposition of the examining doctor is taken, he shall not charge Plaintiff more (per hour or otherwise) than the examiner charges to Defendant on an hourly basis.

26. The examining doctor shall be provided with a copy of these terms by Defendant's counsel prior to the Rule 35 examination, and the parties agree that proceeding with the examination is an acknowledgement that the examining doctor has agreed to adhere to all conditions set forth in this Stipulation.

27. A failure to abide by the terms of this stipulation shall allow for the Plaintiff to stop the examination and not to further proceed with that examiner. The parties reserve the right to move the Court to compel, to limit, or to quash the examination, respectively.

28.     Each party shall have the right to petition the Court to compel any other party to comply with the terms of this stipulation or to address a failure to comply by any party.

**IT IS HEREBY ORDERED**.

DATED this 6th day of December, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge